[Sac. No. 4429. In Bank.—September 11, 1930.]

HERBERT H. MITCHELL, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

J. Francis O'Shea for Petitioner.

Neil R. McAllister, District Attorney, Guy P. Johnson, Chief Deputy District Attorney, and Alex J. Asher, Assistant District Attorney, for Respondents.

FINCH, J., *pro tem.*—This is an original proceeding on *certiorari* to annul a judgment of the respondent court adjudging the petitioner guilty of the offense of driving an automobile at an unlawful rate of speed on one of the streets of the city of North Sacramento. He was first tried and convicted in the city police court. The judgment of conviction was reversed on appeal to the superior court and upon a retrial in that court he was again found guilty.

The uncontradicted evidence shows that the petitioner committed the offense of which he was convicted. He was arrested by a police officer of North Sacramento, who was engaged at the time in patrolling the streets thereof but whose duties were general and not limited to patrolling the streets. . At the time of the arrest the officers was riding in an automobile painted green. The only evidence tending to prove the petitioner's guilt is the testimony of such police officer. ■ Petitioner's sole contention is that the officer is incompetent as a witness because his automobile was not painted white, the distinctive color "determined upon by the division of motor vehicles." Section 155 of the California Vehicle Act (Stats. 1923, p. 517, sec. 155; Stats. 1929, p. 508, sec. 70) provides:

"Every officer when on duty for the purpose of enforcing the provisions of this act shall be dressed in a full distinctive uniform, and no officer shall use an automobile for patrolling public highways in the performance of such duty, unless such automobile is painted a distinctive color such as may be determined upon by the division of motor vehicles.

"In any prosecution under this act upon a charge involving the speed of a vehicle, any officer or officers arresting or participating or assisting in the arrest of the person so charged shall be incompetent as a witness or witnesses if any speed trap was used in such arrest, or when an automobile was used by such officer or officers in violation of the provisions of this act, or the officer or officers were not in full uniform, and the court shall be without jurisdiction to render a judgment of conviction upon the testimony procured by the use of a speed trap or by any such officer or officers so using an automobile not in conformity with the act or not in full uniform."

The requirement that officers shall use automobiles of a distinctive color to be designated by the division of motor vehicles must be read in the light of other provisions of the act. Sections 29 and 30 (Stats. 1923, p. 517, sec. 29, and Stats. 1929, p. 617, sec. 1) provide:

"Sec. 29. It shall be the duty of the division of motor vehicles and all officers thereof to observe and enforce the provisions of this act.

"Sec. 30. (a) There is hereby created the 'California highway patrol,' the administration of which shall be in the division of motor vehicles and the chief of the division subject to the approval of the director of the department of public works is hereby authorized to appoint one superintendent of highway patrol, one assistant superintendent of highway patrol, one secretary to the superintendent of highway patrol, all necessary state inspectors at large, and in addition thereto a sufficient number of state inspectors, captains, traffic officers and clerks to serve in the counties of the state from which they are appointed for the purpose of enforcing the provisions of this act. . . .

"(b) The director of the department of public works, the chief of the division of motor vehicles, the superintendent of highway patrol, the assistant superintendent of highway patrol, the inspectors, captains and traffic officers as provided herein shall constitute the 'California highway patrol' and are hereby vested with the authority of peace officers' for the purpose of enforcing the provisions of this act in any part of the state, also with the power of serving warrants issued by any court of this state in any portion thereof. . . .

"(d) The division is hereby authorized to:

"(1) Establish a school for the training and education of the members of the 'California highway patrol' in traffic regulation, their duties and the proper enforcement of this act. . . . (3) Adopt rules covering the policy, procedure, regulation and administration of all activities of the 'California highway patrol.' "

The language of section 155 relating to the duties of officers is broad enough to include all officers and some of the provisions thereof doubtless relate to all peace officers. The prohibition of the use of a speed trap is clearly general in its application, as is also the requirement of a distinctive

uniform. Such uniform may be distinctive and at the same time different from the uniform worn by officers of the "California highway patrol," cities being left free to adopt uniforms of their own choice. But when it comes to the use of automobiles, section 155 provides that they must be of "a distinctive color such as may be determined upon by the division of motor vehicles," and if that provision is applicable to the police officers of cities, it must necessarily follow that the state division of motor vehicles has authority to prescribe the color of automobiles to be used in all the cities of the state, the alternative being that such police officers are powerless to enforce the state speed law.

Since the administration of the highway patrol is vested in the division of motor vehicles, the legislature has constitutionally left to that division the administrative duty of designating the color of automobiles to be used by the officers under its control. (*United States* v. *Grimaud*, 220 U. S. 506 [55 L. Ed. 563, 31 Sup. Ct. Rep. 480, see, also, Rose's U. S. Notes].) It does not follow, however, that the legislature can constitutionally delegate to the state division of motor vehicles the power to prescribe the color of automobiles to be used by the police officers of cities, over which officers that division has no supervision or control, and it is not to be presumed that the legislature intended such a delegation of power.

The reasons assigned in *Fleming* v. *Superior Court*, 196 Cal. 344, 349 [238 Pac. 88], in support of the validity of somewhat similar provisions, do not apply with the same force to the police officers of a city as to the officers of the highway patrol. The latter officers are charged with the limited duties of enforcing the provisions of the Vehicle Act and serving warrants of arrest issued by court. In actual operation their duties are largely, as the name of their organization implies, to patrol the highways. The requirement, therefore, that the automobiles used by them in patrolling the highways shall be of the same distinctive color does not interfere with their duties. The duties of police officers in cities, however, are numerous and varied. Any such officer may be called upon to perform many dissimilar duties in a single day. Under such circumstances, to require the use by policemen of automobiles of a distinctive color in patrolling the streets would manifestly inter-

fere with the efficiency of a police force. This difference between the respective duties of the highway patrol and the police force of a city justifies the application of a regulation to the former which is not applied to the latter.

It reasonably appears that it was not the legislative intent to make the provision in question applicable to the police officers of cities and, therefore, it must be held that the arresting officer in this case was a competent witness.

The judgment is affirmed.

Waste, C. J., Preston, J., Seawell, J., Curtis, J., Langdon, J., and Shenk, J., concurred.